UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON | ) JURY TRIAL DEMANDED |
| Plaintiff, | ) |
| v. | ) Case No. CIV-22-255-G |
| CREDIT COLLECTION SERVICES | ) |
| Defendant. | ) FILED<br>MAR 28 2022<br>CARMELITA REEDER SHINN, CLERK<br>U.S. DIST. COURT, WESTERN DIST. OKLA.<br>BY_____,DEPUTY |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is a civil action for actual, statutory damages, and costs brought by Vance Dotson ("Plaintiff") an individual consumer, against Defendant, Credit Collection Services ("CCS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

1

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d).

3. Jurisdiction of this court also arises 28 U.S.C § 1331.

4. Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

### III. PARTIES

5. Plaintiff Vance Dotson (hereinafter "Mr. Dotson") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Mr. Dotson is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3). Mr. Dotson has been assigned 100 percent of these claim(s) by Tieshia Bowie.

6. Tieshia Bowie is allegedly obligated to pay an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. Ms. Bowie is allegedly obligated to pay a "Debt" as defined by 15 usc§1692a(5).

2

7. Upon information and belief, Defendant, Credit Collection Services is a Massachusetts corporation with its principal place of business located at 725 Canton Street, Norwood, MA 02062.

8. Defendant, Credit Collection Services are engaged in the collection of debt from consumers using mail and telephone. Defendants regularly attempt to collect consumers' debts alleged to be due to other companies.

## IV.   FACTS OF THE COMPLAINT

9. Defendant, Credit Collection Services (hereinafter referred to as "Debt Collector") are a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

10. On or about July 2, 2021, Ms. Bowie reviewed her credit report on "Credit Karma." Ex.1

11. On the report, Ms. Bowie observed trade lines from all the Debt Collector Defendant.

12. Debt Collector Credit Collection Services furnished a trade line of $182, allegedly owed to Liberty Mutual Insurance Company.

13. Also on July 2, 2021, Ms. Bowie made disputes via telephone about the accounts in question. However, on March 27, 2022, Ms. Bowie re-checked her credit reports and although the Debt Collectors had several communications with the consumer reporting agencies, the Debt Collectors failed to communicate the alleged debts in question were disputed by the Ms. Bowie. Ex. 2

14. The Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Ms. Bowie and caused severe humiliation, emotional distress, mental anguish and FICO scores.

15. Defendant materially lowered Plaintiff's credit score by failing to note Ms. Bowie dispute.

16. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. Saunders v. Branch Banking and Trust Co. of VA, 526 F. 3d 142, 146-47 (4th Cir. 2008).

## V.   FIRST CLAIM FOR RELIEF
### (Defendant Credit Collection Services)
### 15 U.S.C. §1692e(8)

17. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

18. The Debt Collectors violated the FDCPA.

19. The Debt Collectors' violations include, but are not limited to, the following:

The Debt Collector violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies the alleged debt was in dispute.

20. As a result of the above violations of the FDCPA, the Defendants are liable to the Mr. Dotson actual damages, statutory damages and cost.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Dotson respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and pursuant to 15 U.S.C 1692k(3);

E. For a deletion and further relief as the Court may deem just and proper.

Respectfully submitted:

_____
Vance Dotson
425 W. Wilshire Blvd Suite E
Oklahoma City, OK 73116
405.406.7323 (telephone)
vancedotson@yahoo.com (email)