IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Case No. 5:22-cv-0255-G |
| CREDIT COLLECTION § | |
| SERVICES, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS"), improperly named as Credit Collection Services, Inc., by and through its counsel, Gordon Rees Scully Mansukhani, LLP, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submits this Memorandum of Law in Support of its Motion to Dismiss.

**I.   INTRODUCTION**

Plaintiff Vance Dotson filed the present action alleging that CCS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") in the course of its efforts to collect a debt owed by Tieshia Bowie. Doc. No. 1. ¶¶ 1, 5. Specifically, Plaintiff alleges that on July 2, 2021, Ms. Bowie reviewed her credit report on "Credit Karma" and

noticed that CCS was reporting a debt that she owed to Liberty Mutual Insurance Company in the amount of $182. *Id.* ¶¶ 10-12. Plaintiff asserts on that same day, Ms. Bowie orally disputed the debt with CCS, but CCS failed to inform the consumer reporting agencies of her dispute. *Id.* ¶ 13. Plaintiffs' sole claim is that CCS' alleged failure to inform the consumer reporting agencies of Ms. Bowie's dispute violated the FDCPA's prohibition on communicating credit information known to be false, including the failure to communicate that a disputed debt is disputed. *Id.* ¶¶ 18-19; 15 U.S.C. § 1692e(8). The complaint further alleges that Plaintiff Dotson took assignment of 100% of Ms. Bowie's FDCPA claim. Doc. No. 1 ¶ 4.

Although CCS denies violating the FDCPA, the present motion addresses the illegality of the alleged assignment between Ms. Bowie and Dotson, rather than the substantive merits of Plaintiff's FDCPA claim. As the assignment at issue is invalid under Oklahoma law, the present action should be dismissed with prejudice.

## II.   LEGAL STANDARD

A court should grant a motion to dismiss when the factual allegations of the complaint fail to "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When weighing a motion to dismiss, the Court must assume that the factual allegations in the complaint are true. *Iqbal*, 556 at 678 (citing *Twombly*, 550 U.S. at 555). The Court, however, is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

### III.   ARGUMENT

#### Oklahoma Law Bars the Assignment of FDCPA Claims

Plaintiff cannot lawfully take assignment of Ms. Bowie's FDCPA claim. Numerous courts have held that FDCPA claims "are founded in tort

and give rise to tortious injury." *Fabec v. Debt Mgmt. Partners, LLC*, No. 1:18-cv-1537, 2018 WL 4830085, at *7 (N.D. Ohio Oct. 4, 2018) (citing *Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 715 (6th Cir. 2015) (FDCPA claim sounds in tort); *Guest v. Provident Funding Assocs.*, No. 3:12-cv-224, 2013 WL 1003524, at *4 (S.D. Ohio Mar. 13, 2013) (same); *see also Stepney v. Outsourcing Sols., Inc.*, No. 97 C 5288, 1997 WL 722972, at *4 (N.D. Ill. Nov. 13, 1997) (FDCPA creates statutory torts and authorizes private enforcement actions)). The Oklahoma Legislature has been very clear that such claims may not be assigned: "The assignment of claims not arising out of contract is prohibited." Okla. Stat. tit. 12, § 2017(D). Accordingly, the Tenth Circuit has applied this provision to disallow the assignment of claims sounding in tort. *Trinity Mortg. Cos. V. Dryer*, 451 Fed. Appx. 776, 779-780 (10th Cir. 2011) (invalidating assignment sounding in tort where "Trinity gave [the assignee] an ownership interest for the specific and sole purpose of permitting him to litigate Trinity's claims against Dryer and to receive proceeds from that lawsuit" as a violation of Okla. Stat. tit. 12, § 2017(D)). Both this Court and the Oklahoma Court of Civil Appeals have issued analogous decisions. *See Lester v. Minnesota Life Ins. Co.*, No. 13-cv-443-JED-PJC, 2014 WL 183937, at *3 (N.D. Okla. Jan. 14, 2014) ("Plaintiff may not maintain his alleged tort claims … based upon the assignment, because Oklahoma law

prohibits the assignment of tort claims," citing Okla. Stat. tit. 12, § 2017(D)); *Rose Group, L.L.C. v. Miller*, 2003 OK CIV APP 18, ¶ 4, 64 P.3d 573, 575 ("Section 2017(D) prohibits the assignment of claims not arising from contract. This section embodies the common law rule that a chose in action arising out of a pure tort is not assignable.").

Oklahoma law governs the assignability of claims even if the claim at issue arises under federal law. Considering whether a claim arising under the federal Sherman Anti-Trust Act could be assigned under state law, the Western District of Oklahoma held that "[i]t is manifest that the statutes of the state of Oklahoma, which bear upon the question of the assignability of a cause of action, apply in this case." *Momand v. Twentieth-Century Fox Film Corp.*, 37 F.Supp. 649, 656 (W.D. Okla. 1941). *Momand* is recognized as the "seminal case regarding assignability of a cause of action under Oklahoma law…. [and] stands for the proposition that state law governing the assignability of causes of action applies, even where the action grows out of a Federal statute." *In re Gordon*, 484 B.R. 811, 822 (N.D. Okla. Bankr. 2013) (citing *Momand*, 37 F.Supp. at 656); see also, *United Adjustment Servs., Inc. v. Pro. Insurors Agency, LLC*, 2013 OK CIV APP 67, ¶ 20, 307 P.3d 400, 404 ("Section 2017(D) of Title 12 prohibits the assignment of claims not arising from contract").

Courts have recognized that it would run counter to public policy to permit the assignment of claims arising under consumer protection statutes. For example, the Texas Supreme Court found that permitting consumer protection claims to be assigned would defeat the purpose of the Texas Deceptive Trade Practices Act. *PPG Indus., Inc. v. JMB/Houston Ctrs. P'ship*, 146 S.W.3d 79, 84-85 (Tex. 2004). Specifically, the court found that the purpose of the act was "to encourage *consumers themselves* to file their *own* complaints" and "encourage *aggrieved consumers* to seek redress and to deter unscrupulous sellers who engage in deceptive trade practices." *Id.* Permitting the assignment of DTPA claims would do nothing for aggrieved consumers while allowing entrepreneurs to step into their shoes. *Id.* at 85. The same public policy considerations presented by *PPG* would be presented by permitting the assignment of FDCPA claims. As such assignments are both unlawful and not in the public interest, Dotson's illegal assignment must be disallowed and this action dismissed with prejudice.

**IV.   CONCLUSION**

As Plaintiff Dotson's attempt to take assignment of Ms. Bowie's alleged FDCPA claim is barred by state law, CCS respectfully requests that the Court dismiss this action with prejudice. CCS further prays that the

Court award its fees and costs together with any further relief, at law or in equity, as the Court deems just and proper.

April 20, 2022.                    Respectfully submitted,

**GORDON REES**
**SCULLY MANSUKHANI, LLP**

/s/ Robert A. Bragalone
**ROBERT A. BRAGALONE, OBA #31898**
BBragalone@grsm.com
2200 Ross Avenue, Suite 3700
Dallas, Texas  75201
214-231-4660 (Telephone)
214-461-4053 (Facsimile)

**CALVERT R. MCMAHON, OBA #32069**
CMcMahon@grsm.com
101 Park Avenue, Suite 1300
Oklahoma City, OK  73102
Phone: 918-693-1442 (Direct Dial)
Fax: 405-652-1401

**ANDREW M. SCHWARTZ,**
**PRO HAC PENDING**
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
Phone: 215-717-4023
Fax: 215-693-6650
AMSchwartz@grsm.com

**ATTORNEYS FOR DEFENDANT CREDIT CONTROL SERVICES, INC., d/b/a CREDIT COLLECTION SERVICES**

1268049/66256023v.1

## **CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on April 20, 2022, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5. Any other counsel of record or unrepresented party will be served by electronic mail, and/or first class mail on this same date.

    Vance Dotson        vancedotson@yahoo.com

        /s/ Robert A. Bragalone
        Robert A. Bragalone

1268049/66256023v.1