UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Case No. CIV-22-255-G |
| CREDIT COLLECTION SERVICES, | ) ) ) |
|     Defendant. | ) |

## ORDER

Now before the Court is Defendant Credit Collection Services' Motion to Dismiss (Doc. No. 10) and supporting Memorandum (Doc. No. 11). Plaintiff Vance Dotson has responded (Doc. No. 15), Defendant has replied (Doc. No. 16), and the matter is now at issue.[1]

This case is one in a series filed by Plaintiff in this Court to attempt to obtain relief for consumers allegedly subject to violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. Plaintiff's Complaint (Doc. No. 1) alleges that Defendant violated the FDCPA with respect to its debt collection services for a debt reported to be owed by an individual named Tieshia Bowie. *Id.* ¶¶ 1, 5-19. Specifically, Plaintiff alleges that Defendant "violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that the alleged debt was in dispute." *Id.* ¶ 19.

---

[1] Plaintiff also filed an unauthorized Surreply (Doc. No. 17). In light of Plaintiff's pro se status, the Court has considered this filing along with the other briefing.

Plaintiff represents that he "has been assigned 100 percent" of the instant legal claim "by Tieshia Bowie." *Id.* ¶ 5; *see id.* Ex. 1 (Doc. No. 1-1). Defendant seeks dismissal due to Plaintiff's lack of constitutional standing, arguing that Plaintiff is not permitted to seek redress for harm suffered by Ms. Bowie or sue for violation of her rights under the FDCPA. *See* Def.'s Mem. at 3-6; *Sprint Commc'ns Co. v. APCC Servs., Inc.* 554 U.S. 269, 273-74 (2008) (explaining that "in order to have Article III standing, a plaintiff must fairly establish" "an injury in fact," "causation," and "redressability"). This attack on the facial sufficiency of Plaintiff's allegations is a challenge to this Court's subject-matter jurisdiction, implicating Federal Rule of Civil Procedure 12(b)(1). *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). In reviewing a facial attack, a district court confines its analysis to the pleadings and must accept the claimant's allegations as true. *Id.* As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002) (internal quotation marks omitted).

Defendant challenges the assignment of Ms. Bowie's FDCPA claim as invalid under Oklahoma law and therefore ineffective to confer standing upon Plaintiff to bring this suit. *See* Def.'s Reply at 2 (arguing that Plaintiff has not established an injury in fact because there has been no invasion of his legally protected interest). Plaintiff contends that the assignment is valid and that he has standing to bring Ms. Bowie's claim pursuant to the Supreme Court's decision in *Sprint Communications*, 554 U.S. 269. *See* Pl.'s Resp. at 6-14; Pl.'s Surreply at 1-2.

Having considered the arguments and the relevant record, the Court finds that Plaintiff has failed to establish his standing to bring this FDCPA action. First, the undersigned agrees with a prior decision by Chief U.S. District Judge Timothy D. DeGiusti as to the invalidity of such an assignment to Plaintiff:

> [T]he Court finds that the validity of the assignment that Plaintiff received from Ms. Parker is governed by state law, specifically Oklahoma law. The Tenth Circuit considered in *US Fax Law Center, Inc. v. iHire, Inc.*, 476 F.3d 1112 (10th Cir. 2007), whether federal statutory claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, are assignable. The court applied a choice-of-law analysis to determine that state law governed the issue of assignability. *See iHire*, 476 F.3d at 1118-19 & n.5. Applying the analysis here, Oklahoma law governs the validity of assignments made in Oklahoma.
>
> Oklahoma follows the traditional rule that only contract rights are assignable; claims sounding in tort, such as personal injury and privacy claims, cannot be assigned. *See* Okla. Stat. tit. 12, § 2017(D) ("The assignment of claims not arising out of contract is prohibited."). FDCPA claims under § 1692e(8) and § 1692e(9) concern communications of allegedly false credit information, and as stated in Plaintiff's pleading, a debt collector's misconduct harms a consumer's "personal [and] credit reputation." *See* Am. Compl. ¶ 27. These asserted claims seek to remedy a personal harm, not a contractual one, and thus are legally unassignable. *See Lupia v. Medicredit, Inc.*, 8 F.4th 1185, 1191 (10th Cir. 2021) (noting similarities between FDCPA claims and privacy torts); *see also iHire*, 476 F.3d at 1120 (finding "TCPA claims are unassignable because they are in the nature of personal-injury, privacy claims"). Here, as in *iHire*, the Court finds that the purported assignment of consumer claims was invalid and did not transfer the assignor's claims to Plaintiff.

*Dotson v. Transworld Sys.*, No. CIV-22-20-D, 2022 WL 2655785, at *2 (W.D. Okla. July 8, 2022) (second alteration in original) (footnote omitted); *see also id.* at 2 n.3 (noting that even if the assignability issue was governed by federal law, "the common law rule is that claims arising from torts are not assignable"); Compl. ¶ 14 (alleging that Defendant "severely damaged the personal and credit reputation of Ms. Bowie").

Plaintiff objects that because "this debt started from a consumer transaction," the FDCPA claim is not a tort claim and therefore assignment is permitted. Pl.'s Resp. at 6; *see also* Pl.'s Surreply at 1-2 ("No Consumer in America has ever had a 'contract' with a debt collector therefore that's a baseless augment [sic]."). This objection is meritless. "Any claim [Ms. Bowie] has for violation of the FDCPA arises solely from the violation of that statute and thus is a tort claim." *Dotson v. Ad Astra Recovery Servs.*, No. CIV-22-264-C, 2022 WL 2079889, at *1 (W.D. Okla. June 9, 2022). "The fact that [Ms. Bowie] may have had a contract with [the debtholder] and that as a result of that contract there was some alleged violation of the FDCPA does not equate to [Ms. Bowie's] tort claim arising in contract." *Id.* "[A] claim for violation of the FDCPA could exist absent any contract and thus it is a pure tort claim." *Id.*

The Court further finds that Plaintiff's citation to *Sprint Communications* is unavailing. In *Sprint Communications*, the Supreme Court "held that 'an assignee of a legal claim for money owed has standing to pursue that claim in federal court, even when the assignee has promised to remit the proceeds of the litigation to the assignor.'" *Dotson v. Pa. Higher Educ. Assistance Agency*, No. CIV-21-1203-F, 2022 WL 1630908, at *2 (W.D. Okla. May 23, 2022) (quoting *Sprint Commc'ns*, 554 U.S. at 271). The Supreme Court was addressing a validly assigned claim "for money owed"; "the validity of the assignment was not disputed." *Dotson v. Transworld Sys.*, 2022 WL 2655785, at *3. Here, the relevant claim was not validly assigned to Plaintiff, as outlined above. In addition, Plaintiff "does not allege that [Defendant] owed [Ms. Bowie] money or that [Ms. Bowie] assigned [Plaintiff] a debt for collection." *Id.*

Because Ms. Bowie could not validly assign her FDCPA claim to Plaintiff, "[Plaintiff] has no connection to this case and no 'legally protected interest' that could have been violated by [Defendant]." *Lottie v. Midland Credit Mngt.*, No. CIV-21-1171-PRW, 2022 WL 2286768, at *3 (W.D. Okla. June 23, 2022) (quoting *Sprint Commc'ns*, 554 U.S. at 273). Accordingly, this case must be dismissed. *See id.*; *Dotson v. Transworld Sys.*, 2022 WL 2655785, at *3.

## CONCLUSION

For the foregoing reasons, Defendant Credit Collection Services' Motion to Dismiss (Doc. No. 10) is GRANTED. This action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). A separate judgment shall be entered.

IT IS SO ORDERED this 31st day of March, 2023.

_____
CHARLES B. GOODWIN
United States District Judge